## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

FIRST NATIONAL BANK OF HUTCHINSON as conservator )
for P.J.B., minor, heir at law and natural daughter of Leonard )
Scott Breeden; ANTHONY BREEDEN, heir at law and )
natural son of Leonard Scott Breeden, deceased. )
                                          )
                          Plaintiffs, )
v.                                          ) Case No.
                                          )
PW TRUCKING CO., INC. and ABRAHAM WIEBE. )
                              Defendants. )

## COMPLAINT

COME NOW the Plaintiffs, by and through their attorneys, Michael J. Wyatt and Scott J. Mann and of Mann Law Offices, L.L.C. on behalf of First National Bank of Hutchinson as conservator for P.J.B., minor, and Anthony Breeden, individually, and for their causes of action allege and state as follows:

1.       Minor P.J.B. currently resides in Eldon, Miller County, Missouri.

2.       First National Bank of Hutchinson has been appointed the conservator of P.J.B., and brings this action for on P.J.B.'s behalf given that P.J.B., as the natural daughter of Leonard Scott Breeden, deceased, is his heir at law.

3.       Plaintiff Anthony Breeden is a resident of Eldon, Miller County, Missouri, and brings this action individually and as heir at law of Leonard Scott Breeden, being his natural son.

4.      Defendant Abraham Wiebe is a resident and citizen of the Mexico, residing in Cuauh, Chihuaha, Mexico, and may be personally served with process at Campo 22, Casa 303, Cuauhtemoc, Chihuahua, Mexico.

5.      Defendant PW Trucking Co., Inc. is a corporation authorized to do business in the United States, with its principal place of business in Presidio, Texas.  PW Trucking Co. may be served with process through its registered agent Roy D. Salome at 16450 FM 170 Road, Presidio, Texas 79845.

6.      This Court has subject matter jurisdiction given the parties' diversity of citizenship, and the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. §1332.

7.      The court has personal jurisdiction over the parties.

8.      Venue is proper in the forum, as the collision and death at issue occurred in Kansas.

9.      At 1:59 p.m. on January 16, 2014, Leonard Scott Breeden was driving his passenger vehicle southbound on U-83 highway near Rexford, Thomas County, Kansas.

10.     Defendant Wiebe, in the course and scope of his employment for PW Trucking Co., was also driving his tractor-trailer southbound on U-83 several vehicles behind Leonard Scott Breeden, when Breeden was required to slow down due to several collisions in front of him.

11.     Leonard Scott Breeden was in the process of slowing down to avoid the collisions in front of him when he was rear-ended by Defendant Abraham Wiebe, also driving a tractor-trailer southbound on Highway U-83 within the course and scope of his employment for Defendant PW Trucking Co., Inc.

12.     Defendant Wiebe's vehicle collided with the back of Leonard Scott Breeden's passenger vehicle, causing Breeden to sustain fatal injuries.

13.     As a result of the collision and his injuries sustained therein, Leonard Scott Breeden died at the scene of the collision.

14.     Plaintiffs submit that Defendant Wiebe, while in the course and scope of his employment and agency for Defendant PW Trucking Co., Inc., is negligent and 100% at fault for the collision with respect to the following actions and/or inactions:

      a.     Failing to maintain a proper lookout;

      b.     Failing to stay in the southbound lane of traffic;

      c.     Failing to either slow or stop the vehicle to avoid an accident;

      d.     Failing to yield to the vehicle that Breeden was traveling in.

15.     Plaintiffs submit that PW Trucking Co., Inc., by way of vicarious liability, is negligent and 100% at fault for the collision with respect to the negligent actions/inactions alleged against Defendant Wiebe.

16.     Plaintiffs submit that PW Trucking Co., Inc. is negligent and 100% at fault for the collision with respect to the following actions and/or inactions:

      a.     Negligent hiring of Defendant Wiebe;

      b.     Negligent supervision of Defendant Wiebe;

      c.     Failure to perform an appropriate background check on Defendants Wiebe;

      d.     Failure to instruct Defendant Wiebe to stop driving on the day of the accident due to high wind speeds and poor visibility; and

      e.     Failure to instruct and require that Wiebe remain out of service due to a prior FMCSA order to remain out of service.

17.     As a direct and proximate result of Defendants' negligence, decedent Leonard

Scott Breeden died as a result.

18.     Plaintiffs make a claim pursuant to K.S.A. 60-1901, *et seq*., for the wrongful death of Leonard Scott Breeden.

19.     Plaintiffs further contend that, as a direct and proximate result of the Defendants' negligence as stated above and the resulting death of Leonard Scott Breeden, minor P.J.B. and Anthony Breeden, as heirs of the decedent, have sustained damages, including but not limited to, bereavement, mental anguish, pain and suffering, loss of services, loss of income, loss of companionship, loss of guidance and loss of society, those damages characterized as "Wentling damages" as set out in *Wentling v. Anesth. Serv.*, 234 Kan. 503 (1985), and have incurred expenses for medical service costs and funeral arrangements.

20.     As a direct and proximate result of Defendant's negligence, P.J.B. and Anthony Breeden, as heirs of the decedent, have suffered damages in an amount in excess of $75,000.00.

21.     Upon information and belief, Defendants were in violation of provisions of Kansas law regulating common carriers and pursuant to K.S.A. 66-176, Plaintiffs are entitled to actual damages, together with the costs of suit and reasonable attorney fees to be fixed by the court.

WHEREFORE, and by reason of the foregoing, Plaintiffs pray for judgment in this action in an amount in excess of $75,000.00 for all counts and causes of action enumerated above, and actual damages in an amount in excess of $75,000.00, together with costs of suit and reasonable attorney fees to be fixed by the Court, and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,


By:    /s/ Michael J. Wyatt_____
         Scott J. Mann, #12640
         Michael J. Wyatt, #23260
         MANN LAW OFFICES, L.L.C.
         201 E. First Avenue
         Hutchinson, KS  67504-1202
         T:  (620) 662-2400
         F:  (620) 662-2443
         *Attorneys for Plaintiffs*


## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Dated: August 22, 2014


Respectfully submitted,


By:    /s/ Michael J. Wyatt_____
         Scott J. Mann, #12640
         Michael J. Wyatt, #23260
         MANN LAW OFFICES, L.L.C.
         201 E. First Avenue
         Hutchinson, KS  67504-1202
         T:  (620) 662-2400
         F:  (620) 662-2443
         *Attorneys for Plaintiffs*

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the Plaintiff, by and through his attorneys, Scott J. Mann and Michael J. Wyatt of Mann Law Offices, L.L.C., and designates Kansas City, Kansas, as the place for trial in the above-captioned action.

On this 22nd  day of August 2014.

Respectfully submitted,


By:      _/s/ Michael J. Wyatt_____
Scott J. Mann, #12640
Michael J. Wyatt, #23260
MANN LAW OFFICES, L.L.C.
201 E. First Avenue
Hutchinson, KS  67504-1202
T:  (620) 662-2400
F:  (620) 662-2443
*Attorneys for Plaintiff*