UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CONSOLIDATED CASES**

FIRST NATIONAL BANK OF HUTCHINSON,
as conservator for P.J.B., a minor, and
ANTHONY BREEDEN, heir at law and
natural son of Leonard Scott Breeden, Deceased,

        Plaintiffs,

v.   Case No. 14-2423-DDC

PW TRUCKING CO., INC. and
ABRAHAM WIEBE,

        Defendants.

_____

FIRST NATIONAL BANK OF HUTCHINSON,
as conservator for P.J.B., minor, heir at law and
natural daughter of Leonard Scott Breeden; and
ANTHONY BREEDEN, heir at law and
natural son of Leonard Scott Breeden, Deceased,

        Plaintiffs,

v.   Case No. 14-2425-DDC

DARREN E. PLETCHER, d/b/a
Heartland Carriers, and
DENNIS PITZER,

        Defendants.

_____

1

CHRISTINE PERRETT, surviving spouse and heir at
law of JAMES PERRETT, Deceased,

                      Plaintiff,

v.                                                               Case No. 14-2426-DDC

DARREN E. PLETCHER d/b/a HEARTLAND
CARRIERS, and DENNIS PITZER,

                      Defendants.

## ORDER

On January 16, 2015, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted initial scheduling conferences in the above-captioned wrongful death cases. The plaintiffs in all three cases appeared through counsel, Michael J. Wyatt. The defendants in Case No. 14-2423 appeared through counsel, Shawn M. Rogers and Angela M. Higgins. The defendants in Case Nos. 14-2425 and 14-2426 appeared through counsel, Richard T. Merker.

During the scheduling conferences, which were separately noticed but conducted simultaneously, the court addressed whether these three similar cases should be consolidated for discovery and pretrial purposes. The parties agreed at the conference that the cases are factually and legally related and, therefore, should be consolidated for all discovery and pretrial purposes.

Under Fed. R. Civ. P. 42(a), a court may consolidate or join for trial or hearing "any

or all the matters at issue in the actions" if the actions involve a "common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial court.[1] In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation.[2]

The cases clearly involve common questions of law and fact. All three of these cases arise out of a multi-vehicle accident which occurred on January 16, 2014, on U.S. Highway 83 near Rexford in Thomas County, Kansas. In addition to these cases, the plaintiffs in Case Nos. 14-2423 and 14-2425 have filed a related case in the District Court of Thomas County, Kansas, against the defendants in Case No. 14-2426 (the parties to the state court case do not have diversity of citizenship). During the scheduling conferences, the parties all agreed the three federal cases should be consolidated for discovery purposes and related pretrial proceedings. Judicial efficiency will be best served by consolidation of these cases for all discovery and pretrial purposes. To be clear, though, no decision is being made at this time about whether any two or all three of the federal cases should be consolidated for trial. That decision will be made later, presumably after the close of discovery.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

---

[1] *Ryan Transp. Services, Inc. v. Fleet Logistics, L.L.C.,* No. Civ. A. 04-2445-CM, 2005 WL 2293598, at *3 (D. Kan. Sept. 19, 2005) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

[2] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

1. Case Nos. 14-2423, 14-2425 and 14-2426 shall be consolidated for discovery and pretrial purposes, all having been previously dual-assigned to Hon. Daniel D. Crabtree, U.S. District Judge, and the undersigned magistrate judge. *Case No. 14-2423 shall be designated as the lead case. All future pleadings, except for those related to dispositive motions, shall bear the consolidated caption on this order and shall only be filed in the lead case. Any dispositive motions and other filings related to same shall be filed in the specific case without a consolidated caption.*

2. As discussed at the scheduling conferences, the undersigned will separately enter a scheduling order setting deadlines for these consolidated cases.

IT IS SO ORDERED.

Dated January 16, 2015, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U.S. Magistrate Judge